### In re ALEXANDER.

(Supreme Court, Appellate Division, First Department.   April 15, 1910.)

ATTORNEY AND CLIENT (§ 38*)—MISCONDUCT OF ATTORNEY.

Respondent, an attorney, made a contract with C. to exchange certain property held for the benefit of respondent and his wife, the exchange to be completed on May 31st.   Before completion, respondent contracted in the name of his wife to sell the same property to others, receiving $500 from the vendees.   This contract provided that it should be carried out in the event that C. did not comply with the exchange contract on the date provided.   On that date the vendees attempted to complete the second contract, whereupon respondent refused to produce a cancellation of the exchange agreement, but falsely stated that C. had defaulted and offered to give the vendees an affidavit in proof of the default.   This the vendees refused, and sued to recover the deposit, in which they were unsuccessful.   C. was not in default, but, instead, respondent had extended his limit for performance, first to June 12, 1906, and then to June 19th. *Held*, that respondent was not entitled to avoid responsibility for his conduct by claiming that he was acting as a principal, and not as an attorney for his wife, and that he was guilty of such misconduct as required his suspension for a term.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 51; Dec. Dig. § 38.*]

Disbarment proceedings against Louis Alexander, an attorney.   Respondent suspended for one year.

See, also, 134 App. Div. 954, 118 N. Y. Supp. 1092.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Einar Chrystie, for petitioner.
Henry W. Unger, for respondent.

INGRAHAM, P. J.   Charges against the respondent, an attorney and counselor at law, were presented by the bar association and referred to a referee, who has filed his report.   These charges grew out of the relation of the respondent to two contracts for the sale of the same piece of real property in the city of New York.   It seems that title to this property was held by one Wedgfuth for the benefit of the respondent and his wife.   The respondent's wife, however, seems to have had nothing to do with the transactions, leaving it all to the respondent, who acted as if he was the owner of the property.   On the 12th of May, 1906, the respondent made a contract with one Cohen to exchange this property for a farm in the state of Connecticut.   No money was paid on the execution of the contract, but it was to be closed by the delivery of the deeds and mortgages at the respondent's office on the 31st of May, 1906.   Before this contract was to have been completed, the respondent made a contract in the name of his wife

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

with Solomon & Lubin to sell the same property; the vendees paying $500 on the execution of the contract. This second contract provided that the respondent's wife was under contract with one Cohen to convey the premises, title to close on May 31, 1906, and the contract was to take effect only in the event that Cohen did not take title to said premises on that day; that, if said title should be taken by Cohen, the contract should be null and void and of no effect, and the $500 was to be repaid to the vendees; that notice of that fact was to be given on or before May 31, 1906, and, if not, the clause in relation to the Cohen sale was to become null and void. The respondent got the $500, and has apparently kept it. Solomon & Lubin, receiving no notice on or before May 31, 1906, attended at the date named to complete the second contract. At that time their attorney demanded that the respondent produce a cancellation of the Cohen contract, which respondent refused to do. The respondent stated to the vendees, however, that Cohen had defaulted; that he had not seen Cohen at all; that he knew nothing about him and never heard of him; that the Cohen contract was no longer in effect, and offered to give the vendees an affidavit in proof of the default. The attorney for the vendees, not liking this situation, refused to take title. The vendees afterwards commenced an action to recover the $500, in which they were not successful, and the respondent has retained that sum. Instead of Cohen being in default, the time for the completion of his contract had been extended by respondent's consent from May 31, 1906, to June 12th, and subsequently until June 19th.

The referee has found in regard to this charge that the respondent has been guilty of deceit and unprofessional conduct, and with that conclusion we concur. His whole dealing with this property was most irregular. He appeared as attorney for his wife in carrying out the second contract, was acting in that capacity in his relation with the vendees, and during all this time he had the Cohen contract kept alive, notwithstanding which he made repeated assurances to the vendees in the second contract that Cohen had defaulted, and that that contract was no longer binding. By reason of these misrepresentations, he has been able to retain the $500 paid at the time of the execution of the second contract. The respondent cannot avoid responsibility for conduct of this character by claiming that he was acting, not as attorney, but as principal. As a matter of fact, he did appear as attorney for his wife in relation to the second contract; but attorneys who are guilty of fraud and deceit in their relations with others, even in their private transactions, should not be allowed to escape discipline where the utmost good faith and highest degree of honesty is required from the members of the profession.

As to the second charge, we agree with the referee that the respondent should not be disciplined for his conduct in the trial of the action to recover the $500 paid by the vendees in the second contract. He seems to have answered the question asked of him truthfully, and we cannot say that if this stood alone it would justify discipline.

We think, however, that the respondent's conduct in regard to these transactions as a whole requires discipline, and that he should be suspended from practice for one year. All concur.