In the Matter of EDWARD L. SOMERVILLE, an Attorney.

Second Department, June 7, 1918.

**Attorney at law — proceeding to discipline attorney dismissed — acts outside of profession.**

Proceeding to discipline an attorney at law, the charge being that as president of a real estate corporation he conveyed lands by full warranty deed free from incumbrances, whereas in fact the property was subject to a mortgage which was subsequently foreclosed. It appears that release of the mortgage had actually been obtained, but had never been delivered to the purchaser who declined to intervene in the foreclosure suit. Evidence examined, and *held*, that the charges were not sustained, and that the proceeding should be dismissed.

The court has power to discipline or disbar an attorney at law for acts done outside of his profession, where they indicate disregard for honesty and decency in his dealings with his fellow-men.

MOTION by the Brooklyn Bar Association, petitioner, to confirm report of official referee.

*Mortimer W. Byers,* for motion.

*Frederick W. Sparks,* opposed.

PER CURIAM:

The respondent is charged with executing a deed, as president of a real estate corporation, conveying two lots of land at Arverne in Queens county, by full covenant warranty deed, free from mortgage incumbrance, whereas the property was subject to a mortgage covering a large tract of which these lots were part. It is charged that the respondent represented to the purchaser that the lots conveyed had been released from the mortgage, whereas they had not been so released and that the respondent knew that they were not released; that the statements were made to induce the purchaser to pay the consideration of fourteen hundred dollars for the lots; that the mortgage was afterwards foreclosed, the purchaser losing his lots and the money paid. While the charges do not relate to transactions between attorney and client, because it is not claimed that any such relation existed between the purchaser and the respondent, or that the purchaser ever saw the respondent or transacted business with him, the sale being managed entirely by one of several agencies of the realty corporation, still the court undoubtedly has the necessary authority to discipline or disbar an attorney whose actions indicate disregard for honesty and decency in his dealings with his fellow-men. (*Matter of Langslow,* 167 N. Y. 314.) But the evidence here does not justify such finding. The purchaser, as has been suggested, did not deal with the respondent and, so far as appears from the record, did not know him. The deed of the two lots of land was made in 1911 at the request of the purchaser, who had contracted in 1909 with the realty corporation to purchase six lots on installments, and who asked to be released from the obligation to take the six lots and that the installments paid be applied in full payment for two lots. The application was made to one of several agencies of the realty company which consented to so release the purchaser. The deed was prepared, the release of the two lots from the mortgage was also prepared and forwarded to the mortgagee for execution in accordance with the regular routine of the business, the mortgagee signing such releases on request of the realty company, and when no cash accompanied the release, charging the necessary amount on open

account with the realty company. In the present case the release was actually executed and acknowledged by the mortgagee company on the day of the delivery of the purchaser's deed. It was not delivered, because no one applied for it. On the hearing of the charges before the official referee it was produced and marked in evidence. The former president of the mortgagee company who signed it, a reputable lawyer, stated that he knew no reason why it was not delivered, and that in his opinion the purchaser was entitled to it. The purchaser did not engage a lawyer to represent him in the transaction. Four years later, in 1915, the mortgagee company foreclosed the first mortgage, making the purchaser a party defendant, but at that time, although the purchaser retained a lawyer, the release which was then on the files of the mortgagee company was not obtained, and the purchaser interposed no defense. Instead of asserting his obvious rights against the mortgagee, the representatives of the purchaser appear to have directed their efforts entirely against the respondent personally, who in the meantime appears to have become involved in financial, physical and mental trouble which brought him to his present unfortunate situation. He had apparently relied on clerks and subordinates, and did not know that the release had been actually executed until the hearing before the referee. He promised the referee to obtain a new deed to the purchaser of the two lots, but apparently was unable to do so. The representatives of the purchaser sued the realty company and the respondent personally for damages, alleging fraud, and he defaulted in answering. When they complained to the Bar Association, he promised the counsel for the grievance committee to clear the matter up, but apparently took no action. Such inaction and failure on his part may well have justified these proceedings, but in our opinion they do not justify disbarment. There is no intimation of personal representation made by him. The installment money paid by the purchaser between 1909 and 1911 was not paid to the respondent. There is no evidence or intimation that in the transactions of the realty company involving more than a thousand contracts amounting to some three hundred thousand dollars, there was any other similar failure to obtain the necessary release,

and, as already stated, such release was actually executed by the mortgagee, and the failure to obtain it and record it may be in part chargeable to the purchaser. It would appear that from the arrangements existing between the mortgagee and the realty company, the purchaser was entitled to the release, that the mortgagee had no right to include the two lots in the foreclosure action, so that the purchaser could have compelled its delivery by appearing in that action in which he was a defendant, and because the property was bought in at the foreclosure sale by the mortgagee which now holds the title, the purchaser may still have a remedy. While the court scrutinizes closely the conduct of its attorneys, even where their activities are in business transactions rather than at the bar, we cannot agree with the learned official referee that the respondent should be condemned.

The motion to confirm the report of the official referee is, therefore, denied, and the proceedings dismissed, without costs.

JENKS, P. J., MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Motion to confirm the report of the official referee denied, and proceedings dismissed, without costs.