In the Matter of MICHAEL M. DOLPHIN, an Attorney, Respondent.

THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Appellant.

**Attorneys — appeal — attorney may be disciplined for misconduct outside of professional acts — charges by Association of the Bar of City of New York against attorney — erroneous decision by Appellate Division that attorney was not amenable to discipline — association not " aggrieved " so as to permit it to appeal to Court of Appeals.**

1. An attorney may be disciplined for misconduct even though such misconduct was outside of and not a part of his professional acts.

2. The Association of the Bar of the City of New York, incorporated for the purpose, among others, of " facilitating the administration of justice, elevating the standard of integrity, honor and courtesy in the legal profession," is not " aggrieved," in a proceeding instituted by it for the purpose of having an attorney punished for alleged misconduct, by a decision of the Appellate Division, as matter of law and not of discretion, that the attorney is not amenable to discipline, so that, within the provisions relating to appeals, it has the right to appeal to the Court of Appeals.   It is in no legal sense a party asserting rights which if granted will be beneficial to it and a decision adverse to its views does not lessen, impair or destroy any of its rights but affects only that interest which every member of the profession, and of the entire community, has in the proper discharge by attorneys of the duties and responsibilities conferred upon them.   Its duties end when on presentation by it of all the facts the court to which is confided disciplinary powers deems it unwise to exercise them.   (*State ex rel. Murphy* v. *Snook,* 78 Wash. 671; *Vernon Co. Bar Assn.* v. *Mc Kibben,* 153 Wis. 350, disapproved.)

*Matter of Dolphin,* 208 App. Div. 223, appeal dismissed.

(Argued February 25, 1925; decided March 31, 1925.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 11, 1924, dismissing a proceeding to discipline an attorney for professional misconduct.

*Henry W. Taft, Einar Chrystie* and *Paxton Blair* for appellant.   The petitioner is a " party aggrieved " and this court has jurisdiction to entertain the appeal. (*Matter of Jones,* 159 App. Div. 782; *L. S. & M. S. Ry. Co.* v. *Kurtz,* 10 Ind. App. 60; *Vernon Co. Bar Assn.* v. *Mc Kibbin,* 153 Wis. 350; *Matter of Droege,* 197 N. Y. 44; *State ex rel. Murphy* v. *Snook,* 78 Wash. 671; *Matter of Eldridge,* 82 N. Y. 161; *Matter of Branch,* 178 App. Div. 585; *Attorney-General* v. *N. A. L. Ins. Co.,* 77 N. Y. 297; *People ex rel. New York Edison Co.* v. *Willcox,* 207 N. Y. 86.)   The decision of the Appellate Division of the Supreme Court directing that this proceeding be dismissed is contrary to the law as established by the decisions of the courts of this State and the courts in other juris-

dictions. (*Matter of Robinson*, 209 N. Y. 354; *Matter of Percy*, 36 N. Y. 651; *Matter of Langslow*, 167 N. Y. 314; *Matter of Popper*, 193 App. Div. 505; *Matter of Alexander*, 137 App. Div. 770; *Matter of Kammerlohr*, 171 App. Div. 781; *Matter of Isaacs*, 172 App. Div. 181; *Sanborn* v. *Kimball*, 64 Me. 140; *Underwood* v. *Comm.*, 32 Ky. L. R. 32.)

*Alexander I. Rorke* for respondent. The petitioner is not a " party aggrieved " and has no right to appeal to the Court of Appeals in this proceeding. (*Matter of Jones*, 159 App. Div. 782; *Matter of Lord*, 210 N. Y. 549; *Matter of Eldridge*, 82 N. Y. 161; *State* v. *Tunstall*, 5 Tex. 81; *Matter of Thompson*, 5 Cal. U. Cas. 414; *Brooks* v. *Fleming*, 65 Tenn. 331; *Matter of Stern*, 137 App. Div. 909; *Matter of Haskel*, 150 App. Div. 837.)

HISCOCK, Ch. J.   Under the auspices of people interested in that subject, a public meeting was called to be held at the Town Hall in New York city for the consideration of certain aspects of the movement for birth control. The police refused to allow the meeting to be held and subsequently, under the initiative of an organization known as the American Civil Liberties League, an investigation was instituted to determine whether such action of the police was proper or was an unwarranted interference with the right of free speech.

The respondent, an assistant corporation counsel who had been specially assigned to the legal bureau of the police department, attended this investigation and in the course of it induced the arrest of a witness who had appeared in the investigation. This arrest was caused without any information, warrant or justification and when the matter was returnable before the police magistrate there was not the slightest ground for convicting or holding the person who had thus been taken into custody and she was discharged.

The conduct of the respondent was arbitrary and unlawful and resu ted in the substitution of persecution for prosecution. The excuse offered by him in the proceedings hereina ter referred to for his invasion of the rights of an innocent person was that he had been a victim of overzealousness induced by the fact that the woman arrested was an officer of the American Birth Control League wherein she had been associated with certain individuals who had been convicted of violating section 1142 of the Penal Law and wherefrom he deduced the inference that the person arrested must have been guilty of like violation.

Moved by the misconduct of the attorney, the appellant, the Association of the Bar of the City of New York, instituted proceedings before the Appellate Division to have him punished and a referee was appointed to hear and report upon the charges and respondent's answer thereto. This referee reported that he had been guilty of misconduct as outlined above and recommended his punishment. The Appellate Division, however, did not follow this recommendation and discipline him, and its opinion accompanying this disposition said: " The respondent had no authority either as assistant corporation counsel or as a citizen to order the arrest of Mrs. Rublee under the circumstances disclosed by this record. Nor was his advice or order to the police officer binding upon that officer; but we are of the opinion that he was not acting in a professional capacity at the time and that he is not amenable to discipline for unprofessional conduct."

On this appeal, and as a basis for a claim of error, it is urged that by this statement the Appellate Division has held as matter of law that an attorney cannot be disciplined for misconduct unless such misconduct occurs during the discharge of professional duties. The opinion in the portion which we have quoted does in some measure sustain the view of the appellant, but if it be thus interpreted it was erroneous, for it is well and

abundantly settled that an attorney may be disciplined
for misconduct even though such misconduct was outside
of and not a part of his professional acts. (*Matter of
Percy,* 36 N. Y. 651; *Matter of Langslow,* 167 N. Y. 314;
*Matter of Poffer,* 193 App. Div. 505; *Matter of Alexander,*
137 App. Div. 770; *Matter of Kammerlohr,* 171 App. Div.
781; *Matter of Isaacs,* 172 App. Div. 181; *Matter of Wall,*
107 U. S. 265.)

But assuming that the Appellate Division adopted an
erroneous view of the law in this case and as matter of
law and not of discretion declined to discipline the
respondent, the question still remains whether the
appellant, the Association of the Bar of the City of New
York, has any such standing or interest as enable it to
secure a review of that decision by appeal to this court.

The association is incorporated and its purposes as
defined by the act of incorporation are, amongst others,
those of " facilitating the administration of justice,
elevating the standard of integrity, honor and courtesy
in the legal profession." It is a matter of common
knowledge that under these powers and through appro-
priate organization it has done constant and valuable
work in maintaining the ethical standards of the legal
profession in New York city and in bringing to the
attention of the Appellate Division various members of
the profession who, in its opinion, had violated those
standards and were deserving of discipline. Such work
has been ordinarily done as it was in this case by present-
ing to the court a petition alleging misconduct of an
offending member and, if the court thought that a suffi-
cient cause for so doing was presented, by prosecuting
charges before a referee on whose report, if adverse to
the attorney, the matter would be brought before the
court for final disposition. As we have said, that was the
course which was taken in the present case and the
question is whether by the decision of the Appellate
Division adverse to the claims of the association the

latter has been " aggrieved " so that within the provisions relating to appeals it has the right to appeal to this court, assuming that otherwise a cause for such appeal exists.

We think that a negative answer must be given to this question. While we appreciate that in its efforts to uphold the standards of the profession the association is interested if an erroneous decision has been made refusing to discipline a member of the profession when he deserved it, we think that this interest is of a general character such as theoretically is shared by every member of the profession and that it is not such a specific, personal and legal interest as makes the association a party legally aggrieved within the meaning of our statutes. When we survey and analyze the situation and course of procedure it seems to us quite clear that the association simply discharges the duty of calling to the attention of the Appellate Division, under our law charged with the duty of supervising the conduct of attorneys, some alleged misconduct and then, if the Appellate Division thinks that course should be pursued, discharges the further duty of prosecuting the accusation and presenting the evidence which will enable the court finally to decide whether it should exercise its disciplinary powers and that in following this course it occupies the status which might be occupied by any member of the profession and becomes a friend and agency of the court rather than a party. It is not a party in any accepted sense. Its petition does not ask for any relief whereby existing rights may be confirmed or new ones secured. To use the precise language of its prayer in this matter it " submits this matter (the alleged misconduct of respondent) to the court and asks that such action be taken as justice may require." Thus it is in no legal sense a party asserting rights which if granted will be beneficial to it and a decision adverse to its views does not lessen, impair or destroy any of its rights but affects only that interest

which every member of the profession, and the entire community for that matter, has in the proper discharge by attorneys of the duties and responsibilities conferred upon them. In all of these features we see an entire lack of character as a party and an entire absence of legal interest based either upon alleged rights or upon a right and obligation to discharge certain official duties (*People ex rel. Burnham* v. *Jones,* 110 N. Y. 509) and the denial of which rights would present that situation of being aggrieved which would sustain an appeal. The duties which it discharges are rather in the interest of professional uprightness and public welfare than in the assertion of peculiar or personal rights and privileges, and, therefore, they end in a case such as this when on presentation by it of all the facts the court to which is confided disciplinary powers deems it unwise to exercise them.

It is true that some authority has been found in the decisions of other States which uphold the right of the appellant to appeal. (*State ex rel. Murphy* v. *Snook,* 78 Wash. 671; *Vernon Co. Bar Assoc.* v. *McKibben,* 153 Wis. 350.) We feel, however, unable to adopt the views expressed in these cases and in so doing find ourselves supported by what was said in *Fairfield County Bar* v. *Taylor* (60 Conn. 11); *Matter of Peck* (88 Conn. 447); *Bar Assn. of City of Boston* v. *Casey* (211 Mass. 187); *Matter of Randall* (11 Allen, 473) and *Brooks* v. *Fleming* (65 Tenn. 331).

These views lead to a dismissal of the appeal.

CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Appeal dismissed, without costs.