In the Matter of TIMOTHY E. COHALAN, an Attorney, Respondent.

First Department, April 13, 1934.

*Einar Chrystie*, for the petitioner.

*Leslie J. Tompkins* of counsel [*Terrence J. McManus*, attorney], for the respondent.

FINCH, P. J.   This is a motion to set aside the report of a referee and to adjudge the respondent guilty of professional misconduct as charged in the petition.

The respondent was admitted to practice as an attorney and counselor at law in the State of New York on February 13, 1906, at a term of the Appellate Division of the Supreme Court, First Department.

On the charges the referee has found in favor of the respondent.

By the petition the respondent was charged with having collected a claim for a commission after he had assigned said commission to a lender of moneys as security for the loan of some $600 to respondent.   The petition alleges that subsequent to such assignment the respondent collected the money and converted it to his own use.

In defense respondent testified that when he collected the commission it amounted to $450 and that to this sum he added $150, and paid the debt of $600 in cash to the complainant without receiving a receipt or the return of any of the papers executed at the time of the alleged transaction.

The complainant denies such payment and claims that he was induced to withhold suit until after the Statute of Limitations had run by promises of payment made by respondent and by the brother of the respondent.   The latter denied the making of any such promise.

As urged by the petitioner, there was a clear cut issue of fact on the question of payment.   The referee has found for the respondent.

We cannot say that the finding of the referee is against the weight of the evidence. On the side of the respondent we have a shrewd man who was accustomed to loaning money and yet allowed the six-year Statute of Limitations to run against this loan without seeking in any way to avail himself of his legal remedies.

While we agree that a disciplinary proceeding may be maintained even though the misconduct of an attorney is outside of and not a part of his professional acts (*Matter of Dolphin*, 240 N. Y. 89), and that an attorney may be disciplined for misconduct notwithstanding the Statute of Limitations has run against the claim of the client (*Matter of Simpkins*, 169 App. Div. 632; *Matter of Leonard*, 127 id. 493; affd., 193 N. Y. 655), yet in this proceeding, as already noted, the referee has found in favor of respondent on the issue of fact, and upon this record we are not justified in holding his finding against the weight of the evidence.

Petitioner also urges that complainant would not have brought this disciplinary proceeding against an attorney if he had received payment for his loan.

Upon this record, however, the inference is possible that such a proceeding might have been brought by complainant for ulterior purposes.

It follows that the report of the referee should be confirmed and the proceeding dismissed.

MERRELL, MARTIN, O'MALLEY and UNTERMYER, JJ., concur.

Proceeding dismissed.