## In the Matter of Frank Melville Wilcox, an Attorney, Respondent.

First Department, December 31, 1934.

*Einar Chrystie*, for the petitioner.

*Frank Melville Wilcox*, respondent in person.

Per Curiam. This proceeding comes before this court upon a motion to confirm the report of an official referee finding the respondent, who was admitted to practice as an attorney and counselor at law on April 9, 1920, at a term of the Appellate Division of the Supreme Court, Second Department, guilty of the charge of obtaining a small sum of money from another attorney upon a false representation as to the need that day of the money in cash and by giving him a check in exchange upon an account which had been closed, to the knowledge of the respondent, for three months.

The report is confirmed for the reasons well stated in the opinion of the learned referee.

The respondent urges that the offenses did not arise out of the relationship of attorney and client. This is true, but it has been authoritatively settled that an attorney may be disciplined for misconduct arising outside of his relationship to his client. As was said by Hiscock, Ch. J., for a unanimous court in *Matter of Dolphin* (240 N. Y. 89, 92): " On this appeal, and as a basis for a claim of error, it is urged that by this statement the Appellate

Division has held as matter of law that an attorney cannot be disciplined for misconduct unless such misconduct occurs during the discharge of professional duties. The opinion in the portion which we have quoted does in some measure sustain the view of the appellant, but if it be thus interpreted it was erroneous, for it is well and abundantly settled that an attorney may be disciplined for misconduct even though such misconduct was outside of and not a part of his professional acts."

There is the mitigating circumstance that complete restitution has been made.

The respondent should be censured.

Present — FINCH, P. J., MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ.

Respondent censured.