In the Matter of NORMAN USHKOW, an Attorney, Respondent. SOLOMON KLEIN, Petitioner.

Second Department, May 11, 1970.

*Solomon A. Klein* (*Kenneth L. Lawlor* of counsel), petitioner in person.

*Leavitt & Leavitt* (*Richard E. Leavitt* of counsel), for respondent.

*Per Curiam.* The Justice of the Supreme Court to whom the issues herein were referred having submitted his report to this court, the petitioner now moves to confirm the report and for imposition of discipline. The report has found the respondent guilty of 24 of the 30 acts of professional misconduct originally charged in specifications numbered 1 through 22 of paragraph "Eleventh" of the petition. The reporting Justice made no express finding as to paragraph "Twelfth" of the petition, stating that that paragraph "is a conclusory allegation based upon the preceding material charges hereinbefore dealt with." The respondent cross-moves to confirm the report with respect to paragraph "Twelfth" and insofar as it found specifications numbered 1, 5c, 5d, 19, 21 and 22 not to have been sustained by the evidence, and to disaffirm the report as to the remaining specifications.

The main thrust of the charges which were found to have been sustained is that (1) the respondent, individually and acting in concert with another person (not an attorney), as the officers, directors and sole stockholders of a certain corporation, assigned, conveyed and transferred to certain individuals and corporations certain mortgages, real property and contracts for the purchase and sale of real property, other than in the usual course of business, without fair consideration, and in fraud of creditors; and (2) the respondent gave false and untrue answers under oath as a witness in certain supplementary proceedings and in his appearance before the Committee on Grievances of the Brooklyn Bar Association.

The evidence adduced at the hearing before Mr. Justice VENTIERA established that the respondent and his associate were engaged, through the said corporation, in the business of buying, selling and managing real estate, and that to obtain additional capital the corporation borrowed money from certain named individuals. These loans resulted in unsatisfied judgments against the corporation and, in one instance, against the respondent individually. A second corporation, controlled by the respondent and his associate, was free of creditors at the times in question and became the vehicle by which the first corporation stripped itself of its assets. In addition, the respondent's stepfather, who was also a general creditor of the debtor corporation, was favored over the other creditors of that corporation. The details and specifics of the respondent's scheme to manipulate the assets of the debtor corporation so as to defraud its creditors and the nature of the falsity of his testimony in the supplementary proceedings and before the Grievance Committee are fully set forth in the comprehensive and well-reasoned report of Mr. Justice VENTIERA and require no further elaboration.

The respondent's conduct, while not involving an attorney-client relationship, does reflect on the reputation of the Bar. It is well settled that an attorney may be disciplined for misconduct even though such misconduct was outside of and not a part of his professional acts (*Matter of Dolphin*, 240 N. Y. 89). " While a lawyer may engage in business, if he wishes to remain a member of the Bar he must conduct himself in that business in accordance with the standards imposed on members of the Bar " (*Matter of Kaufman*, 29 A D 2d 298, 299). Moreover, there can be no justification for false or evasive testimony; the lawyer's duty of candor and fairness is not suspended for the purpose of making a defense to a disciplinary proceeding (*Matter of Schildhaus*, 23 A D 2d 152).

In our opinion, all of the charges, except those which were found by Mr. Justice VENTIERA not to have been sustained, were fully supported by the proofs; and, accordingly, the report should in all respects be confirmed.

In determining the measure of discipline to be imposed upon the respondent, we have taken into consideration the respondent's prior unblemished record and his attempts to make restitution and, in our opinion, a suspension from the practice of law for a period of three years would be an appropriate and suitable discipline to be imposed.

Accordingly, the petitioner's motion to confirm the report and the respondent's cross motion to confirm the report in part are granted; the cross motion to disaffirm the report in part should be denied; and the respondent should be suspended from the practice of law for a period of three years, commencing June 15, 1970.

CHRIST, P. J., RABIN, HOPKINS, MUNDER and MARTUSCELLO, JJ., concur.

Petitioner's motion and respondent's cross motion insofar as it is to confirm the report in part are granted; and cross motion denied in all other respects. Respondent is suspended from the practice of law for a period of three years commencing June 15, 1970.