In the Matter of ROBERT J. TRONOLONE, an Attorney, Respondent. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.

Fourth Department, November 2, 1972.

*John B. Walsh* (*David E. Brennan* of counsel), for petitioner.

*Robert J. Tronolone,* respondent in person, and *William B. Mahoney* for respondent.

*Per Curiam.* Respondent was admitted to the Bar on December 9, 1963. The Bar Association of Erie County submitted a petition against respondent alleging that on March 5, 1970 a 30-count indictment was filed in the United States District Court charging in the first count that respondent and one Edward Evans, an employee of the Manufacturers and Traders Trust Company, knowingly and willfully conspired to submit false and fraudulent credit applications and loan documents to the bank for purposes of obtaining loan proceeds, caused false entries on the bank records with intent to defraud the bank, and misapplied funds in excess of $5,000. Fourteen of the other counts accused respondent of aiding and abetting Mr. Evans in embezzling and willfully misapplying bank funds on 14 separate occasions between September 23, 1965 and January 27, 1969. It is also alleged that on March 15, 1972 respondent entered a plea of guilty to a " Superseding Information " filed the same day charging respondent with violation of sections 656 and 657 of title 18 of the United States Code in that he " unlawfully aided and abetted one Edward G. Evans, who at the time was an officer and employee of the Manufacturers and Traders Trust Company, in the embezzling, abstracting, purloining, and wilful misapplication of monies and funds of said Manufacturers and Traders Trust Company." Respondent was sentenced to one year imprisonment; execution of sentence was suspended and he was placed on probation for one year. The indictment as to respondent was dismissed.

By his verified answer respondent admitted the allegations contained in the petition, but alleged that there were extenuating circumstances which should be heard. Accordingly, this court referred the matter to a Referee to hear and report. A hearing was held at which respondent testified. He also produced several character witnesses who testified that his reputation for truth and veracity was good, that he was a competent lawyer and that his character was excellent.

The evidence adduced also shows that Mr. Evans, an assistant vice-president of a bank and a very good friend of respondent, told him that he wanted to buy some stock but could not borrow from his own bank, asked respondent to sign a loan application and a note for $2,000 and turn the proceeds over to Evans with the payment book, and said that he would pay the loan. Respondent agreed and executed a loan application and the note as an accommodation for Evans. Between September, 1965 and January, 1969 respondent signed about 12 loan applications and notes for a total sum of approximately $47,500. Some of the applications, all of which bore a certification that their contents were true and complete, stated that the proceeds were to be for personal use, some did not state what the proceeds were to be used for, and one stated that the proceeds were to be used to purchase a car. Respondent received no money from any of these transactions. He testified, however, that he believed that the law prohibited an employee from borrowing from his own bank. It also appears that on January 7, 1969, at Mr. Evans's request respondent made out a check for $4,500 drawn on his personal checking account in another bank payable to the Manufacturers and Traders Trust Company, when he was not indebted to the bank and had insufficient funds to cover the check. At the same time he also signed a loan application in blank.

We find no merit in respondent's contention that he was not guilty of professional misconduct. " It is well and abundantly settled that an attorney may be disciplined for misconduct even though such misconduct was outside of and not a part of his professional acts " (*Matter of Dolphin*, 240 N. Y. 89, 92–93).

By his plea of guilty to the superseding information respondent admitted that he unlawfully aided and abetted Mr. Evans in willfully misapplying funds of the bank. A plea of guilty is more than a confession which admits that he did the various acts stated in the information; it is itself a conviction (*People* v. *Lynn*, 28 N Y 2d 196).

Since the Code of Professional Responsibility became effective on January 1, 1970, the prior Canons of Professional Ethics are applicable to this proceeding. We said in *Matter of Mahon* (15 A D 2d 232, 233) : " Canon 29 of the Canons of Professional Ethics provides that an attorney ' should strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice.' Similarly, canon 32 requires, among other things, that an attorney ' must also observe  *  *  *  the statute law.' It has been written that proceedings such as these are ' not brought

for the sole purpose of discipline or punishment.' They serve ' to warn other members of the bar of the fate which awaits those who are recreant to their trust.' (*Matter of Ropiecki*, 246 App. Div. 80, 86.) ''

Respondent's conduct is violative of the standards set for the profession and tends to bring it into disrepute. However, in light of the mitigating circumstances, respondent should be suspended from practice of law for a period of six months commencing December 1, 1972 and thereafter until further order of this court.

GOLDMAN, P. J., DEL VECCHIO, MARSH, WITMER and CARDAMONE, JJ., concur.

Order of suspension entered.